OPINION OF THE COURT
Jeffry H. Gallet, J.
The respondent tenant in this nonpayment summary proceeding concedes the petitioner landlord’s prima facie case for rent. She defends on the grounds that the landlord has breached the statutory warranty of habitability (Real Property Law, § 235-b) by failing to mitigate the noise caused by the barking of the building superintendent’s two dogs. She also counterclaims for a mandatory injunction to compel the removal of the dogs.
FACTS
The petitioner is a New York State supervised Mitchell-Lama rental housing project. The tenant rents apartment 6M for a monthly rental of $254 pursuant to a standard printed lease, rule 14 of which prohibits animals. The building superintendent occupies apartment 6P pursuant to the standard local 32B-32J union contract for the convenience of the petitioner without payment of rent. The superintendent has two dogs whose barking disturbs the sleep and study of the respondent, a graduate student.
The testimony of witnesses on both sides establishes that the dogs bark whenever someone rings the superintendent’s doorbell or knocks on his door, and that this is a frequent occurrence because the building’s tenants often require his services. The tenant kept a log from May *415 18 to August 19, 1980 in which she recorded 284 separate incidents when she was disturbed by the dogs, including 20 such incidents on June 14, 1980 alone. The log also disclosed that during the same period the tenant heard the barking of the dog kept by the tenant in apartment 6N on 44 separate occasions. However, the tenant testified that the noise from the dog in 6N did not significantly disturb her.
After receiving the tenant’s complaints about the superintendent’s dogs and investigating the complaint, the landlord decided that no problem existed and took no action.
INJUNCTION
The Civil Court has only those equitable powers specifically granted to it by statute. The landlord argues that the court does not have the subject matter jurisdiction to issue an injunction in this case. The landlord is not correct.
Section 110 of the New York City Civil Court Act (CCA) creates a housing part of this court with broad powers to enforce housing standards and solve housing problems. Included in the housing part’s mandate is the power to issue injunctions and restraining orders for the enforcement of housing standards promulgated under State and local laws. (CCA, § 110, subd [a], par [4].) Originally, only those standards set forth in the Multiple Dwelling Law or Housing Maintenance Code were enforceable by Civil Court injunctions, but in .1977 the Legislature enlarged the scope of the injunctive power to include other statutes. (L 1977, ch 849; Lazarus v Davis, NYLJ, Nov. 2, 1977, p 11, col 1.)
One such statute is the Noise Control Code section of the Administrative Code of the City of New York which prohibits one from permitting an animal within his or her control to cause unnecessary noise. (Administrative Code, § 1403.3-4.07.) The factual situation complained of in the present case clearly falls within the ambit of that section, and is subject to the injunctive power authorized by section 110 (subd [a], par [4]) of the New York City Civil Court Act.
*416 The argument that the court cannot act until a government agency issues a violation for the offending action is without merit. The Legislature clearly intended that the court have sufficiently broad powers to act on its own without waiting for other government action. (CCA, § 110, subd [c].)
Therefore,the court finds that it has subject matter jurisdiction to issue an injunction.